# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

HUDSON INSURANCE GROUP )
)
      Plaintiff in Interpleader, )
)
v. )  Case No. 18-cv-02630
)
AAA Expedited Services LLC; Accurate Transportation Inc.; )
AC Express, Inc.; AGA Express, LLC; Ameri Transport Inc.; )
Baenen Dairy, LLC; Baylor Trucking, Inc.; )
Best Truck Line, Inc.; Bing Logistics, Inc.; )
Blast Transport, Inc.; BMS Trucking, LLC; BNT Transport, LLC; )
Bohren Logistics, Inc.; Bongo Express; Canon U.S.A., Inc.; )
Cargo Solutions Express, Inc.; Cargo Speed Corp.; )
CNA Freight, LLC; Complete Trucking, Inc.; )
Comrade Transport Inc.; Continental Logistics Services, Inc.; )
Convoy, Inc.; )
DDM Logistics, Inc.; Delta Freight, Inc.; DIJI Trans; )
Dimaslogistic Inc.; )
Direct Transport Solutions Inc.; DMA Services, Inc.; )
Eagle GC, Inc.; EH Trucking, LLC; Eva Logistics, Inc.; )
Evans Delivery Company, Inc.; )
F5 Express Inc.; Favored Express, LLC; Fernando Perez; )
First Class Carriers, Inc.; Five Mountains Transport, Inc.; )
Floyd, Inc.; Franco Transport, Inc.; )
Geejo Transport, LLC; Gold Star Carriers, Inc.; )
Golden Eagle Transportation; Good Source Trucking, Inc.; )
Global Enterprises & Logistics, Inc.; GS Express, Inc.; )
GSA International Ltd.; GSV Transportation Inc.; )
Honey Locust Farms, LLC; )
Hub Systems, Inc.; I&H, LLC; Ideality, Inc.; )
J Anthony Express, Inc.; JM Express, Inc.; Keystone Lines; )
KGI Group Inc.; Kings Eagle, Inc.; Kit Logistics, Inc.; )
Lechuga Transport Inc.; Lida Express, Inc.; Losev Trucking, LLC; )
LRD Transport, LLC; Lucky World Inc.; M& M Trans, Inc.; )
Margen Trucking; Marvin Keller Trucking, Inc.; )
Medallion Transport & Logistics, LLC; )
MGM Transport, LLC; Mikhail Trucking, LLC; )
M3 Delivery, Inc.; Millenium Group, Inc.; MO Trucking, Inc., )
MS US INC.; Namanagh, Inc.; Nationwide Transport Finance; )

NVK Logistics, Inc.; Oak Hill Capital Corp.;             )
Pacific Western Transportation Ltd.; Paris Freight, Inc.;  )
PM Global, Inc.; Progress Freight, LLC; Pro Trans Group, LLC;  )
Redline Trucking; Road Kings, Inc.; ROC Enterprises Corp.;  )
Route 66 Logistics, Inc.; Roxmel Trucking Company, Inc.;  )
RP Trucking, LLC; RRM Transportation, Inc.; Sandra Slizyte;  )
Sant Trucking Inc.; Seagate Freight, LLC; Seminole Express;  )
Sims Freightlines, Inc.; Shamrock Trucking, LLC;  )
Skyway Holdings, Inc.; Splendid, LLC; Star Freight, LLC;  )
Star Trucking, LLC; Stela Express, Inc.; Stronghaul, Inc.;  )
Super Sonic Solutions, LLC; SW Trucking, LLC; Tac Trans, Inc.;  )
Tadz Logistics, Inc.; TBS Factoring Services, LLC;  )
Tesla Cargo Solutions Inc.;  )
Thank God 4 Trucking, LLC; THK Trucking, Inc.;  )
Thoroughbred Direct; Thunder Logistics, Inc.;  )
Trans Recovery Solutions, LLC;  )
Trucker Path, Inc.; Ultimate Freight, Inc.; Unitrans, Inc.;  )
US Expediters, Inc.; Van Dam Egg Co.;  )
Via Logistics; VKP Line, Inc.; Vldadi Trucking, Inc.;  )
Vynera Transportation, Inc.; Western Specialized, Inc.;  )
Whalen Trucking, Inc.; WLD Services Ltd.,  )
  )
       Defendants in Interpleader.  )

## PLAINTIFF HUDSON INSURANCE GROUP'S FIRST AMENDED COMPLAINT FOR STATUTORY INTERPLEADER RELIEF

NOW COMES the Plaintiff, Hudson Insurance Group ("Hudson"), by and through its counsel, The Law Offices of T. Scott Leo, P.C., and for its First Amended Complaint for Statutory Interpleader Relief, and states as follows:

### ACTION UNDER THE FEDERAL INTERPLEADER ACT

This is an action arising under the provisions of the Federal Interpleader Act, Title 28, United States Code, Sections 1335, 1397, 2361, to compel the Defendants mentioned herein to interplead their claims in complains with the provisions of the Act, as is more fully set forth below.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court under 28 U.S.C. § 1335, since two or more adverse claimants are of diverse citizenship as defined in 28 U.S.C. § 1332, creating the required minimal diversity, and the amount at issue exceeds $500.00.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1397, as at least one or more of the adverse claimant Defendants is a resident of this judicial district.

## PARTIES

3. Plaintiff, HUDSON, is, and at all times hereafter mentioned was, a surety company of various types of surety bonds, organized and existing under the laws of the State of Delaware, having its principal place of business at 100 William Street, New York, New York, and that conducts its business in Illinois among other states.

4. Upon information and belief, Defendants are or may be individuals residing in the United States who did business with Filo Systems, Inc. ("Filo Systems").

5. Upon information and belief, Defendant AAA EXPEDITED SERVICES, LLC is a Nevada corporation with its principal place of business in Arleta, California and with a claim totaling $1,800.00

6. Defendant ACCURATE TRANSPORATION, INC. is an Ohio corporation with its principal place of business in Gahanna, Ohio and with a claim totaling $850.00.

7. Upon information and belief, Defendant AC EXPRESS, INC. is an Illinois corporation with its principal place of business in Glendale Heights, Illinois and with a claim totaling $1,000.00.

8. Upon information and belief, Defendant AGA EXPRESS, LLC is a Michigan corporation with its principal place of business in Charlotte, Michigan and with a claim totaling $1,150.00.

9. Defendant AMERI TRANSPORT, INC. is an Illinois corporation with its principal place of business in Des Plaines, Illinois and with a claim totaling $2,650.00. Upon information and belief, Ameri Transport, Inc. entered into a settlement for portion of their claim with Canon U.S.A., Inc. ($1,325.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

10. Defendant BAENEN DAIRY, LLC is a Wisconsin corporation with its principal place of business in New Franken, Wisconsin and with a claim totaling $2,840.00.

11. Defendant BAYLOR TRUCKING, INC. is an Indiana corporation with its principal place of business in Milan, Indiana and with a claim totaling $1,940.00.

12. Upon information and belief, Defendant BEST TRUCK LINE, INC. is an Illinois corporation with its principal place of business in Wheeling, Illinois and with a claim totaling $525.00.

13. Upon information and belief, Defendant BING LOGISTICS, INC. is a California corporation with its principal place of business in Monterey, California and with a claim totaling $500.00.

14. Upon information and belief, Defendant BLAST TRANSPORT, INC. is an Illinois corporation with its principal place of business in Wood Dale, Illinois and with a claim totaling $2,000.00.

15. Defendant BMS TRUCKING, LLC is a Pennsylvania corporation with its principal place of business in Easton, Pennsylvania and with a claim totaling $2,400.00.

16. Upon information and belief, Defendant BNT TRANSPORT, LLC is an Ohio corporation with its principal place of business in North Olmsted, Ohio and with a claim totaling $700.00.

17. Upon information and belief, Defendant BOHREN LOGSITICS, INC. is an Indiana corporation with its principal place of business in Garrett, Indiana and with a claim totaling $1,360.00.

18. Upon information and belief, Defendant BONGO EXPRESS is a California corporation with its principal place of business in Antelope, California and with a claim totaling $1,400.00.

19. Upon information and belief, Defendant CANON U.S.A., INC. is a New York corporation with its principal place of business in Melville, New York and with a claim totaling $18,917.50. Additionally, Canon U.S.A. Inc., after entering into a settlement, has been assigned a portion of the following carriers claims': Thunder Logistics, Inc. (50%), Stronghaul Inc. (50%), WLD Services Ltd. (50%), Hub Systems Inc. (50%), DDM Logistics, Inc. (50%), Cargo Speed Corp. (50%), Sant Trucking (50%), Ameri Transport Inc. (50%), Convoy, Inc. (50%), GSV Transportation (50%), Good Source Trucking (50%), SW Trucking, LLC, and Redline Trucking (40%).

20. Upon information and belief, Defendant CARGO SOLUTIONS EXPRESS, INC. is a California corporation with its principal place of business in Fontana, California and with a claim totaling $1,800.00.

21. Upon information and belief, Defendant CARGO SPEED CORP. is a Pennsylvania corporation with its principal place of business in Mount Pocono, Pennsylvania. Defendant did not file their claim with Plaintiff, thus, their claim is now time barred.

Upon information and belief, Cargo Speed Corp. entered into a settlement for portion of their claim with Canon U.S.A., Inc. ($1,300.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

22. Upon information and belief, Defendant CNA FREIGHT, LLC is a Tennessee corporation with its principal place of business in Riverside, California and with a claim totaling $600.00.

23. Upon information and belief, Defendant COMPLETE TRUCKING, INC. is an Illinois corporation with its principal place of business in Alsip, Illinois and with a claim totaling $5,610.00.

24. Defendant COMRADE TRANSPORT, INC. is a Washington corporation with its principal place of business in Washougal, Washington and with a claim totaling $1,000.00.

25. Upon information and belief, Defendant CONTINENTAL LOGISTICS SERVICES, INC. is an Illinois corporation with its principal place of business in McCook, Illinois and with a claim totaling $2,300.00.

26. Upon information and belief, Defendant CONVOY, INC. is a Washington corporation with its principal place of business in Seattle, Washington. Defendant did not file their claim with Plaintiff, thus, their claim is now time barred. Upon information and belief, Convoy, Inc. entered into a settlement for portion of their claim with Canon U.S.A., Inc ($1,100.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

27. Defendant DDM LOGISTICS, INC. is an Illinois corporation with its principal place of business in Schaumburg, Illinois and with a claim totaling $12,050.00. Upon information and belief, DDM Logistics, Inc. entered into a settlement for portion of their claim with

Canon U.S.A., Inc. ($6,025.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

28. Defendant DELTA FREIGHT, INC. is an Illinois corporation with its principal place of business in Chicago, Illinois and with a claim totaling $1,600.00.

29. Upon information and belief, Defendant DIJI TRANS is a Maryland corporation with a claim totaling $560.00.

30. Upon information and belief, Defendant DIMASLOGISTIC, INC. is an Illinois corporation with its principal place of business in Schaumburg, Illinois and with a claim totaling $3,400.00.

31. Defendant DIRECT TRANSPORT SOLUTIONS, INC. is an Arkansas corporation with its principal place of business in Little Rock, Arkansas and with a claim totaling $1,700.00.

32. Upon information and belief, Defendant DMA SERVICES, INC. is an Illinois corporation with its principal place of business in Carol Stream, Illinois and with a claim totaling $2,600.00.

33. Upon information and belief, Defendant EAGLE GC, INC. is a Delaware corporation with its principal place of business in Brooklyn, New York and with a claim totaling $2,600.00.

34. Upon information and belief, Defendant EH TRUCKING, LLC is a Missouri corporation with its principal place of business in Saint Louis, Missouri and with a claim totaling $2,400.00.

35. Defendant EVA LOGISTICS, INC. is an Illinois corporation with its principal place of business in Oak Lawn, Illinois and with a claim totaling $2,900.00.

36. Upon information and belief, Defendant EVANS DELVIERY COMPANY, INC. is a Pennsylvania corporation with its principal place of business in Schuylkill Haven, Pennsylvania and with a claim totaling $1,520.00.

37. Defendant F5 EXPRESS, INC. is an Illinois corporation with its principal place of business in Bolingbrook, Illinois and with a claim totaling $3,100.00.

38. Upon information and belief, Defendant FAVORED EXPRESS, LLC is a Texas corporation with its principal place of business in with Lewisville, Texas and a claim totaling $1,225.00.

39. Upon information and belief, Defendant FERNANDO PEREZ is a resident of the state of California with a claim totaling $900.00.

40. Defendant FIRST CLASS CARRIERS, INC. is an Illinois corporation with its principal place of business in Carol Stream, Illinois and with a claim totaling $4,500.00.

41. Defendant FIVE MOUNTAINS TRANSPORT, INC. is an Illinois corporation with its principal place of business in Buffalo Grove, Illinois and with a claim totaling $2,420.00.

42. Upon information and belief, Defendant FLOYD, INC., is an Illinois corporation with its principal place of business in Gurnee, Illinois and with a claim totaling $1,500.00.

43. Upon information and belief, Defendant FRANCO TRANSPORT, INC. is a Virginia corporation with its principal place of business in Dumfries, Virginia and with a claim totaling $4,290.00.

44. Upon information and belief, Defendant GEEJO TRANSPORT, LLC is a New Jersey corporation with its principal place of business in Highland Park, New Jersey and with a claim totaling $300.00.

45. Defendant GLOBAL ENTERPRISES & LOGISTICS, INC. is a Florida corporation with its principal place of business in Aventura, Florida and with a claim totaling $2,800.00.

46. Upon information and belief, Defendant GOLD STAR CARRIERS, INC. is an Illinois corporation with its principal place of business in Carpentersville, Illinois and with a claim totaling $1,225.00.

47. Upon information and belief, Defendant GOLDEN EAGLE TRNASPORTATION is a Pennsylvania corporation with its principal place of business in Emmaus, Pennsylvania and with a claim totaling $1,200.00.

48. Upon information and belief, Defendant GOOD SOURCE TRUCKING, INC. is an Illinois corporation with its principal place of business in Park Ridge, Illinois and with a claim totaling $5,500.00. Upon information and belief, Good Source Trucking, Inc. entered into a settlement for portion of their claim with Canon U.S.A., Inc. ($2750.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

49. Upon information and belief, GS EXPRESS, INC. is a California corporation with its principal place of business in Irvine, California and with a claim totaling $20,800.00.

50. Upon information and belief, Defendant GSA INTERNATIONAL Ltd. is a Michigan corporation with its principal place of business in Wayne, Michigan and with a claim totaling $1,500.00.

51. Upon information and belief, GSV TRANSPORTATION, INC. is a California corporation with its principal place of business in Ontario, California. Defendant did not file their claim with Plaintiff, thus, their claim is now time barred. Upon information and belief, GSV Transportation, Inc. entered into a settlement for portion of their claim with

Canon U.S.A., Inc. ($1650.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

52. Upon information and belief, Defendant HONEY LOCUST FARMS, LLC is a Pennsylvania corporation with its principal place of business in East Berlin, Pennsylvania and with a claim totaling $2,262.00.

53. Defendant HUB SYSTEMS, INC. is an Illinois corporation with its principal place of business in Chicago, Illinois and with a claim totaling $2,300.00. Upon information and belief, Hub Systems, Inc. entered into a settlement for portion of their claim with Canon U.S.A., Inc. ($1,150.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

54. Upon information and belief, Defendant I&H LLC is a Maryland corporation with its principal place of business in Severn, Maryland and with a claim totaling $540.00.

55. Upon information and belief, Defendant IDEALITY, INC. is an Illinois corporation with its principal place of business in Wheeling, Illinois and with a claim totaling $8,600.00.

56. Upon information and belief, Defendant J. ANTHONY EXPRESS, INC. is a Massachusetts corporation with its principal place of business in Seekonk, Massachusetts and with a claim totaling $2,800.00.

57. Upon information and belief, Defendant JM EXPRESS, INC. is a California corporation with its principal place of business in Rowland Heights, California and with a claim totaling $650.00.

58. Upon information and belief, Defendant KEYSTONE LINES is an Indiana corporation with its principal place of business in Valparaiso, Indiana and with a claim totaling $5,590.00.

59. Upon information and belief, Defendant KGI GROUP, INC. is an Illinois corporation with its principal place of business in Glenview, Illinois and with a claim totaling $3,360.00.

60. Upon information and belief, Defendant KINGS EAGLE, INC. is an Illinois corporation with its principal place of business in LaGrange, Illinois and with a claim totaling $900.00.

61. Upon information and belief, Defendant KIT LOGISTICS, INC. is an Illinois corporation with its principal place of business in Franklin Park, Illinois and with a claim totaling $1,025.00.

62. Upon information and belief, Defendant LECHUGA TRANSPORT, INC. is a California corporation with its principal place of business in San Bernardino, California and with a claim totaling $2,300.00.

63. Upon information and belief, Defendant LIDA EXPRESS, INC. is an Illinois corporation with its principal place of business in Crest Hill, Illinois and with a claim totaling $2,470.00.

64. Defendant LOSEV TRUCKING, LLC is a Connecticut corporation with its principal place of business in Milford, Connecticut and with a claim totaling $900.00.

65. Defendant LRD TRANSPORT, LLC is a Texas corporation with its principal place of business in Laredo, Texas and with a claim totaling $720.00.

66. Defendant LUCKY WORLD, INC. is an Illinois corporation with its principal place of business in Aurora, Illinois and with a claim totaling $560.00.

67. Upon information and belief, Defendant M&M TRANS INC. is a Georgia Corporation with its principal place of business in Woodstock, Georgia and with a claim totaling $1,700.00.

68. Upon information and belief, Defendant MARGEN TRUCKING is a California corporation with its principal place of business in Cudahy, California and with a claim totaling $900.00.

69. Defendant MARVIN KELLER TRUCKING, INC. is an Illinois corporation with its principal place of business in Sullivan, Illinois and with a claim totaling $800.00.

70. Upon information and belief, Defendant MEDALLION TRANSPORT & LOGISTICS, LLC is a North Carolina corporation with its principal place of business in Mount Laurel, New Jersey and with a claim totaling $700.00.

71. Upon information and belief, Defendant MGM TRANSPORT, LLC is a Wisconsin corporation with its principal place of business in Oak Creek, Wisconsin and with a claim totaling $800.00. Upon information and belief, this claim has been assigned to Oak Hill Capital Corp.

72. Defendant MIKHAIL TRUCKING, LLC is a Washington corporation with its principal place of business in Spokane, Washington and with a claim totaling $2,330.00.

73. Defendant M3 DELIVERY, INC. is an Illinois corporation with its principal place of business in Bensenville, Illinois and with a claim totaling $2,800.00.

74. Upon information and belief, Defendant MILLENNIUM GROUP, INC. is an Indiana corporation with its principal place of business in Merrillville, Indiana and with a claim totaling $4,900.00.

75. Defendant MO TRUCKING, INC. is a New York corporation with its principal place of business in Farmingdale, New York and with a claim totaling $700.00.

76. Upon information and belief, Defendant MS US INC. is an Illinois corporation with its principal place of business in Elk Grove Village, Illinois and with a claim totaling $2,900.00. Defendant untimely filed its claim with the Plaintiff, thus, the claim was barred and denied.

77. Defendant NAMANAGH, INC. is an Illinois corporation with its principal place of business in Schaumburg, Illinois and with a claim totaling $2,900.00.

78. Upon information and belief, Defendant NATIONWIDE TRANSPORT FINANCE is a Nevada corporation with its principal place of business in Las Vegas, Nevada and with a claim totaling $540.00.

79. Upon information and belief, Defendant NVK LOGISTICS, INC. is a California corporation with its principal place of business in North Highlands, California and with a claim totaling $3,500.00.

80. Upon information and belief, OAK HILL CAPITAL CORP. is a New Jersey corporation with its principal place of business in Red Bank, New Jersey. Oak Hill Capital Corp. has been assigned ROC Enterprises Corp. and MGM Transport, LLC's claims.

81. Upon information and belief, Defendant PACIFIC WESTERN TRANSPORTATION, Ltd. is a Canadian corporation with its principal place of business in Calgary, Alberta. Defendant untimely filed its claim with the Plaintiff, thus, the claim was time-barred and denied.

82. Upon information and belief, Defendant PARIS FREIGHT, INC. is an Illinois corporation with its principal place of business in Elk Grove Village, Illinois and with a claim totaling $2,800.00.

83. Defendant PM GLOBAL, INC. is an Illinois corporation with its principal place of business in Chicago, Illinois and with a claim totaling $3,250.00.

84. Upon information and belief, Defendant PROGRESS FREIGHT, LLC is an Illinois corporation with its principal place of business in Des Plaines, Illinois and with a claim totaling $2,600.00.

85. Upon information and belief, Defendant PRO TRANS GROUP, LLC is an Illinois corporation with its principal place of business in Plainfield, Illinois and with a claim totaling $870.00.

86. Upon information and belief, Defendant REDLINE TRUCKING is a Kentucky corporation with its principal place of business in Bowling Green, Kentucky and with a claim totaling $1,200.00. Upon information and belief, Redline Trucking entered into a settlement for portion of their claim with Canon U.S.A., Inc. ($480.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

87. Upon information and belief, Defendant ROAD KINGS, INC. is an Ohio corporation with its principal place of business in North Royalton, Ohio and with a claim totaling $2,400.00.

88. Defendant ROC ENTERPRISES CORP. is a Tennessee corporation with its principal place of business in Memphis, Tennessee and with a claim totaling $800.00. Upon information and belief, this claim has been assigned to Oak Hill Capital Corp.

89. Defendant ROUTE 66 LOGISTICS, INC. is an Illinois corporation with its principal place of business in Mount Prospect, Illinois and with a claim totaling $1,800.00.

90. Upon information and belief, Defendant ROXMEL TRUCKING COMPOANY, INC. is a Maryland corporation with its principal place of business in Annapolis, Maryland and with a claim totaling $2,990.00.

91. Upon information and belief, Defendant RP TRUCKING, LLC is an Oklahoma corporation with its principal place of business in Hartselle, Alabama and with a claim totaling $1,000.00.

92. Upon information and belief, Defendant RRM TRANSPORTATION, INC. is an Illinois corporation with its principal place of business in Willowbrook, Illinois and with a claim totaling $2,900.00.

93. Upon information and belief, Defendant SANDRA SLIZYTE, is a resident of the state of Illinois with a claim totaling $325.00.

94. Upon information and belief, Defendant SANT TRUCKING, INC. is a California corporation with its principal place of business in Fresno, California. Defendant did not file their claim with Plaintiff, thus, their claim is now time barred. Upon information and belief, Sant Trucking, Inc. entered into a settlement for portion of their claim with Canon U.S.A., Inc. ($475.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

95. Upon information and belief, Defendant SEAGATE FREIGHT, LLC is a Texas corporation with its principal place of business in Carrollton, Texas and with a claim totaling $560.00.

96. Upon information and belief, Defendant SEMINOLE EXPRESS is an Alabama corporation with its principal place of business in Seminole, Alabama and with a claim totaling $1,000.00.

97. Defendant SIM FREIGHTLINES, INC. is an Indiana corporation with its principal place of business in Portage, Indiana and with a claim totaling $2,800.00.

98. Upon information and belief, Defendant SHAMROCK TRUCKING, LLC is a Delaware corporation with its principal place of business in Warwick, Pennsylvania and with a claim totaling $600.00.

99. Upon information and belief, Defendant SKYWAY HOLDINGS, INC. is an Illinois corporation with its principal place of business in Addison, Illinois and with a claim totaling $1,500.00. Defendant untimely filed its claim with the Plaintiff, thus, the claim was time-barred and denied.

100. Upon information and belief, Defendant SPLENDID, LLC is an Ohio corporation with its principal place of business in Columbus, Ohio and with a claim totaling $1,550.00.

101. Upon information and belief, Defendant STAR FREIGHT, LLC is an Arkansas corporation with its principal place of business in Valparaiso, Indiana and with a claim totaling $735.00.

102. Defendant STAR TRUCKING, LLC is a Wisconsin corporation with its principal place of business in Muskego, Wisconsin and with a claim totaling $1,100.00.

103. Upon information and belief, Defendant STELA EXPRESS, INC. is an Illinois corporation with its principal place of business in Plainfield, Illinois and with claim totaling $10,350.00.

104.     Upon information and belief, Defendant STRONGHAUL, INC. is an Illinois corporation with its principal place of business in Park Ridge, Illinois and with a claim totaling $2,600.00. Upon information and belief, Stronghaul, Inc. entered into a settlement for portion of their claim with Canon U.S.A., Inc. ($1300.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

105.     Upon information and belief, Defendant SUPER SONIC SOLUTION, LLC is an Ohio corporation with its principal place of business in Cleveland, Ohio and with a claim totaling $2,300.00.

106.     Upon information and belief, Defendant SW TRUCKING, LLC is a New Jersey corporation with its principal place of business in Fairfield, New Jersey and with a claim totaling $2,600.00. Upon information and belief, SW Trucking, LLC entered into a settlement for portion of their claim with Canon U.S.A., Inc. ($1040.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

107.     Upon information and belief, Defendant TAC TRANS, INC. is an Illinois corporation with its principal place of business in River Grove, Illinois and with a claim totaling $2,700.00.

108.     Defendant TADZ LOGISTICS, INC. is an Illinois corporation with its principal place of business in Lockport, Illinois and with a claim totaling $450.00.

109.     Upon information and belief, Defendant TBS FACTORING SERVICE, LLC is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma and with a claim totaling $560.00. Plaintiff had originally denied this claim on the basis it was time-barred; however, it is not time-barred, therefore, Plaintiff has accepted this claim.

110.     Defendant TESLA CARGO SOLUTIONS, INC. is an Illinois corporation with its principal place of business in Westmont, Illinois and with a claim totaling $1,100.00.

111.     Defendant THANK GOD 4 TRUCKING, LLC is a Maryland corporation with its principal place of business in Havre De Grace, Maryland and with a claim totaling $2,800.00.

112.     Upon information and belief, Defendant THK TRUCKING, INC. is an Illinois corporation with its principal place of business in Addison, Illinois and with a claim totaling $2,950.00.

113.     Defendant THOROUGHBREAD DIRECT is a Pennsylvania corporation with its principal place of business in Atlanta, Georgia and with a claim totaling $3,990.00.

114.     Defendant THUNDER LOGISTICS, INC. is an Illinois corporation with its principle place of business in Elmhurst, Illinois. Defendant untimely filed its claim with the Plaintiff, thus, the claim was time-barred and denied. Upon information and belief, Thunder Logistics, Inc. entered into a settlement for portion of their claim with Canon U.S.A., Inc. ($1,100.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

115.     Defendant TRANS RECOVERY SOLUTIONS, LLC is a Mississippi corporation with its principal place of business in Olive Branch, Mississippi and with a claim totaling $19,970.00. Additionally, the two entities related to Trans Recovery Solutions, LLC, Ameri Transport, Inc. and Convoy, Inc., have entered into a settlement agreement with Canon U.S.A., Inc. for a total amount of $1,325.00 and $1,100.00, respectively.

116.     Upon information and belief, Defendant TRUCKER PATH, INC. is an online and mobile application, incorporated in Delaware with its principal place in Austin, Texas.

Defendant untimely filed its claim with the Plaintiff, thus, the claim was time-barred and denied.

117.     Upon information and belief, Defendant ULTIMATE FREIGHT, INC. is a Nevada corporation with its principal place of business in Burbank, California and with a claim totaling $3,750.00.

118.     Upon information and belief, Defendant UNITRANS, INC. is an Illinois corporation with its principal place of business in Downers Grove, Illinois and with a claim totaling $800.00. Defendant untimely filed its claim with Plaintiff, thus, the claim was time-barred and denied.

119.     Upon information and belief, Defendant U.S. EXPEDITERS, INC. is an Illinois corporation with its principal place of business in Countryside, Illinois and with a claim totaling $2,600.00.

120.     Upon information and belief, Defendant VAN DAM EGG CO. INC., is a Michigan corporation with its principal place of business in Hamilton, Michigan and with a claim totaling $893.50.

121.     Upon information and belief, Defendant VIA LOGISTICS, INC. is an Illinois corporation with its principal place of business in Lemont, Illinois and with a claim totaling $325.00.

122.     Upon information and belief, Defendant VKP LINE, INC. is an Illinois corporation with its principal place of business in Mount Prospect, Illinois and with a claim totaling $3,100.00.

123.    Upon information and belief, Defendant VLADI TRUCKING, INC. is an Illinois corporation with its principal place of business in Carol Stream, Illinois and with a claim totaling $2,600.00.

124.    Upon information and belief, Defendant VYNERA TRANSPORTATION, INC. is an Illinois corporation with its principal place of business in Romeoville, Illinois and with a claim totaling $560.00.

125.    Upon information and belief, Defendant WESTERN SPECIALIZED, INC. is a Minnesota corporation with its principal place of business in Mankato, Minnesota and with a claim totaling $2,850.00.

126.    Defendant WHALEN TRUCKING, INC. is an Illinois corporation with its principal place of business in Waverly, Illinois and with a claim totaling $1,000.00.

127.    Upon information and belief, Defendant WLD SERVICES LTD. is an Iowa corporation with its principal place of business in Fairfield, Iowa and with a claim totaling $1,100.00. Upon information and belief, WLD Services Ltd. entered into a settlement for portion of their claim with Canon U.S.A., Inc. ($262.00), and that portion of the claim has now been assigned to Canon U.S.A., Inc.

**FACTS**

128.    Hudson realleges the forgoing paragraphs and incorporates all such allegations by references as if they were set forth fully herein.

129.    On August 31, 2017, Hudson issued a Broker's or Freight Forwarder's Surety Bond, Bond Number 10062206, (the "Bond") on behalf of Filo Systems, Inc. ("Filo Systems") as Principal in the penal limit of seventy-five thousand dollars ($75,000.00), effective beginning September 4, 2017. A copy of the Bond is attached as **Exhibit A**.

130.    Under the terms of the Bond:

This bond [was] written to assure compliance by the Principal as either a licensed Broker or a licensed Freight Forwarder of Transportation by motor vehicle with 49 U.S.C. 13906(b), and the rules and regulations of the Federal Motor Carrier Safety Administration relating to insurance or other security for the protection of motor carriers and shippers, and shall inure to the benefit of any and all motor carriers or shippers to whom the Principal may be legally liable for any of the damages herein described. *See* **Exhibit A**.

131. The Bond further provides that:

The liability of the Surety shall not be discharged by any payment or succession of payments hereunder, unless and until such payment or payments shall amount in the aggregate to the penalty of the bond, but in no event shall the Surety's obligation hereunder exceed the amount of said penalty. The Surety agrees to furnish written notice to the Federal Motor Carrier Safety Administration forthwith of all suits filed, judgments rendered, and payments made by said Surety under this bond. *See* **Exhibit A**.

132. The stated penal sum of the bond is in the amount of seventy-five thousand dollars ($75,000). *See* **Exhibit A**.

133. On January 29, 2018, Filo Systems filed for Chapter 7 Bankruptcy in the Northern District of Illinois, Case No. 18-02259.

134. Due to the apparent inability of Filo Systems to meet its contractual or operational obligations and liabilities to its various motor carriers and shippers, numerous claims have been filed with Hudson against the Bond, seeking payment of claims representing services rendered by the Defendants to Filo Systems, for the benefit of Filo Systems.

135. To date, a hundred and twenty-three (123) different claimants have asserted claims against Hudson's bond, including claimants with time-barred claims, and thus far, the total amount being claimed may exceed $286,132.00. The claims far exceed the limits of the Bond's coverage of $75,000.

136.     The following claimants have seemingly failed to assert claims against the Bond within the time limits required of 60 days after the bond was cancelled, on December 12, 2018, by the surety and accepted by FMCSA, thus, requiring all claims to be filed by February 15, 2018: MS US Inc. (claim filed on 2/19/2018); Unitrans Inc. (claim filed on 3/16/2018); Pacific Western Transportation Ltd. (claim filed on 2/26/2018); Trucker Path Inc. (claim filed on 3/23/2018); Skyway Holdings Inc. (claim filed on 3/9/2018); Cargo Speed Corp. (to-date no claim received); Convoy, Inc. (to-date no claim received); GSV Transportation Inc. (to-date no claim received); Sant Trucking, Inc. (to-date no claim received); and Thunder Logistics, Inc. (to-date no claim received).

137.     The following claimants, upon information and belief, have assigned a portion of, or their entire claim, to another company: Ameri Transport, Inc. (assigned to Canon U.S.A., Inc.); Cargo Speed Corp. (assigned to Canon U.S.A., Inc.); Convoy, Inc. (assigned to Canon U.S.A., Inc.); DDM Logistics (assigned to Canon U.S.A., Inc.); Good Source Trucking, Inc. (assigned to Canon U.S.A., Inc.); GSV Transportation, Inc. (assigned to Canon U.S.A., Inc.); Hub Systems, Inc. (assigned to Canon U.S.A., Inc.); Redline Trucking (assigned to Canon U.S.A., Inc.); Sant Trucking, Inc. (assigned to Canon U.S.A., Inc.); Stronghaul, Inc. (assigned to Canon U.S.A., Inc.); SW Trucking, LLC (assigned to Canon U.S.A., Inc.); Thunder Logistics, Inc. (assigned to Canon U.S.A., Inc.); WLD Services, Ltd. (assigned to Canon U.S.A., Inc.); MGM Transport, LLC (assigned to Oak Hill Capital Corp.); ROC Enterprises Corp. (assigned to Oak Hill Capital Corp.).

138.     As a result of these claims on the issued Bond, Hudson files this Amended

Complaint in Interpleader so that the Court may distribute the funds under the Bond's

coverage and Hudson may be discharged of its obligations.

## CAUSE OF ACTION FOR INTERPLEADER

139.     Hudson realleges the foregoing paragraphs and incorporates all such allegations

by reference as if they were set forth fully herein.

140.     On information and belief, no formal suits have yet been filed by any of the

Defendants at this time. Filo Systems, however, recognizes the potential that suits could

be brought in the future seeking payment from Hudson for the unfulfilled obligations of

its Principal, Filo Systems.

141.     Hudson is unable to determine which of the Defendants are entitled to the amount

covered by the Bond and in what amount each of the Defendant is owed.

142.     All of the named Defendants currently have or may have potential claims against

the Bond described above, all of which will subject Hudson to multiple and possible

conflicting or vexatious claims and to a multiplicity of suits.

143.     As a result of the multiple and conflicting claims asserted by the various

Defendants, Hudson is in doubt as to its potential liability under the Bond and cannot

safely determine its liability as between the competing claims.

144.     Hudson does not currently know, nor could it reasonably determine in the future,

to which of the Defendants, if any, it may safely pay claims under the Bond since the

aggregate amount of the claims that have been made by the Defendants to date far

exceeds the maximum liability allowed by the penal sum of the Bond. Therefore, Hudson

is interpleading the funds under the Bond's coverage, so the Court may determine to whom and in what amount these funds shall be distributed.

145.     Hudson stands ready to deposit this amount to the Clerk of the United States District Court Northern District of Illinois. Hudson anticipates filing a motion seeking permission of the Court to deposit the funds with the Court.

146.     Without this action, Hudson has no adequate remedy at law of protecting itself against multiple and excessive claims to the coverage available under the Bond. As further support for the ordering of interpleader in the instant case, the outcomes of any potential individual suits will not be properly determinative of the manner in which the limited Bond penal sum established by Hudson should be apportioned among the several claimants.

147.     This matter, therefore, falls within the purview of 28 U.S.C. § 2361, which provides this Court with express process over all the various Defendants, and further allows this Court to "enter its order restraining them from instituting or prosecuting any proceedings in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." *See* 28 U.S.C. § 2361 (West 2003).

148.     Hudson further states that there has been no collusion of any kind between it and any of the Defendants, with regard to bringing of this action.

WHEREFORE, Plaintiff, Hudson Insurance Group, prays the Court enter an order providing for the following relief:

     a.   Hudson be permitted to deposit with the Clerk of this Court the sum of seventy-five thousand dollars ($75,000.00), such amount representing Hudson's total

allowable liability under the terms of the Bond, and that the Clerk be ordered to promptly and properly invest such funds deposited so that interest may accrue for the benefit of the Defendants;

b. Requiring Defendants and any and all unknown Defendants to assert their claims against the Bond in this suit for the Court to determine the amount of their claims and their respective pro-rata share of the Bond amount or the funds deposit into Court;

c. With respect to the Claimants whose claims are untimely enter an order providing that the claimants have no right to recover under the Bond and its proceeds;

d. Enter an Order enjoining and restraining each and all of the Defendants from instituting or prosecuting further any proceedings in any State or United States court in any way related to the terms, conditions and/or obligations of the Bond;

e. Upon distribution of the proceeds of the Bond, enter an order providing that Hudson Insurance Company be fully and finally discharged from any and all liability on Bond Number 10062206;

f. Enter an order awarding the reasonable and proper attorneys' fees and court costs incurred in bringing this interpleader action to Hudson Insurance Company; and

g. The Court grant any such relief as it may, in its discretion, appear to be proper.


Date: August 20, 2018


                                HUDSON INSURANCE COMPANY

                                By: ___/s/ Saloni Shah_____
                                         One of its attorneys

Saloni Shah
ARDC# 6321496
The Law Office of T. Scott Leo, P.C.
One North LaSalle Street, Suite 3600
Chicago, Illinois 60605
Telephone: (312)- 857-0910
sleo@leolawpc.com